# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **United States of America,** § | | |
| Plaintiff § | | |
| § | | |
| v. § | | No: 1:04-cr-00180-DAE-14 |
| § | | |
| **John Ogilbee (14),** § | | |
| Defendant § | | |
| § | | |
| and § | | |
| § | | |
| **Randolph-Brooks Federal Credit Union,** § | | |
| Garnishee § | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DAVID A. EZRA**
**SENIOR UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant John Ogilbee's Hardship Response to the Writ of Garnishment (Dkt. 1312) and Request for Hearing (Dkt. 1313), both filed June 20, 2025, and the Government's Response, filed July 7, 2025 (Dkt. 1315). By Text Order entered July 28, 2025, the District Court referred Ogilbee's motion for a hearing to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

Ogilbee pled guilty to one count of making false statements to obtain a real estate loan, in violation of 18 U.S.C. §§ 2 and 1010. Dkt. 623. On July 26, 2006, he was sentenced to five years' probation, a $100 special assessment, and $3,401,926.97 in restitution. Dkt. 782.

On May 20, 2025, the District Court granted the Government's application for Writ of Garnishment and ordered that a Writ of Garnishment be issued against Garnishee Randolph-Brooks Federal Credit Union for any nonexempt property belonging to Ogilsbee within the credit

1

union's custody, possession, or control. Dkt. 1304. The Government filed a Certificate of Service stating that Ogilbee was served with notice of the garnishment proceedings on June 9, 2025. Dkt. 1311. Ogilbee timely filed a request for hearing. Dkt. 1313; *see also* 28 U.S.C. 3202(d) (providing that a judgment debtor may request a hearing within 20 days after receiving notice). Ogilbee also filed his objections to the Court's Order. Dkt. 1312.

In his request for a hearing, Ogilbee states that, due to "ongoing financial and medical hardship, I believe I have grounds to seek relief or exemption from the garnishment, as detailed in my accompanying hardship response." Dkt. 1313 at 1. In his response to the writ of garnishment, Ogilbee states that he is experiencing "severe medical and financial hardship" because he has suffered a series of major health issues in recent years and cannot work consistently. Dkt. 1312 at 1. The Government asks the Court to overrule Ogilbee's objections without a hearing because the issues he raises "are issues of law that do not require a hearing." Dkt. 1315 at 6.

The Court agrees with the Government. Under 28 U.S.C. § 3202(d), the issues at the hearing are limited to (1) the probable validity of any claim of exemption by the Ogilbee, and (2) compliance with any statutory requirement for the issuance of the postjudgment remedy granted. Ogilbee does not allege that the Government has violated any statutory requirement. Nor does he claim any exemption recognized under 18 U.S.C. 3613(a)(1). That statute provides that "a judgment imposing a fine may be enforced against all property or rights to property of the person fined except property exempt from levy for taxes" under 26 U.S.C. § 6334(a)(1)-(8), (10), and (12), which are inapplicable to Ogilbee's business bank accounts. As the Government correctly states: "Severe medical and financial hardships do not qualify as exemptions pursuant to 26 U.S.C. § 6334." Dkt. 1315 at 6.

Accordingly, this Magistrate Judge finds that the hearing Ogilbee requests would be futile. The Court also finds that his objections to the Writ of Garnishment may be decided as a matter of law and recommends that they be overruled.

## I.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendant John Ogilbee's Hardship Response to the Writ of Garnishment (Dkt. 1312) and Request for Hearing (Dkt. 1313).

The Clerk is **ORDERED** to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

## II.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 19, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE