UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | No. 1:04-CR-00180-DAE-14 |
| *Plaintiff*, | § | |
| vs. | § | |
| JOHN OGILBEE (14) | § | |
| *Defendant*, | § | |
| and | § | |
| RANDOLPH-BROOKS FEDERAL CREDIT UNION | § | |
| *Garnishee*. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Report") filed by U.S. Magistrate Judge Susan Hightower. (Dkt. # 1317.) No objections to the Report and Recommendation were filed.

Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After reviewing the Report and the information contained in the record, the Court **ADOPTS** the Recommendation and **DENIES** Defendant's Motion for Hearing re Writ of Garnishment (Dkt. # 1313).

1

## BACKGROUND

The District Court entered final judgment in this case on August 16, 2006. (Dkt. # 782.) On May 20, 2025, this Court ordered the issuance of a writ of garnishment against non-exempt property belonging to Defendant John Ogilbee. (Dkt. # 1304.) The Defendant thereafter filed a hardship response (Dkt. # 1312) and a Request for Hearing (Dkt. # 1313), both filed on June 20, 2025. Plaintiff filed a response to Defendant's Request for Hearing and reply to Defendant's Hardship Response on July 7, 2025. (Dkt. # 1315.) Defendant's Request for Hearing was then referred to Judge Susan Hightower on July 28, 2025.

On August 19, 2025, Judge Hightower issued a Report and Recommendations recommending that the Court deny Defendant's Motion for a Hearing. (Dkt. # 1317.) The Report was sent by certified mail to the Defendant on October 15, 2025, and the Court has received no objections. (Dkt. # 1319.)

## DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court adopts the Magistrate Judge's Report. The Court finds that Judge Hightower's analysis is reasonable and absent of clear error.

Under 28 U.S.C. § 3202(d), a hearing would be limited to "(1) the probable validity of any claim of exemption by the judgment debtor;" and (2) compliance with any statutory requirement for the issuance of the postjudgment remedy granted." Ogilbee's hardship response only alleges that he is experiencing "severe medical and financial hardship." (Dkt. # 1312.) His response indicates that any exemption recognized by 18 U.S.C. § 3613(a)(1) would apply, or that the Government violated any statutory requirement.

Accordingly, Judge Hightower recommended that the district court deny Defendant's Hearing Request because such a hearing would be futile given its limitations under the statute. (Dkt. # 1317 at 3.) The Court agrees with Judge Hightower's analysis and finds it to be absent of clear error. See <u>United States v. Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989).

## CONCLUSION

For the reasons given above, the Court **ADOPTS** U.S. Magistrate Judge Susan Hightower's Report and Recommendation (Dkt. # 1317) and **DENIES** Defendant's Motion for Hearing re Writ of Garnishment. (Dkt. # 1313.)

**IT IS SO ORDERED**.
**DATED:** Austin, Texas, November 21, 2025.

_____
Hon. David Alan Ezra
Senior U.S. District Judge